UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATINA KOESTER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| N.K, a minor by and through | ) | |
| his next friend Matina Koester | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| YOUNG MEN'S CHRISTIAN | ) | |
| ASSOCIATION OF GREATER | ) | |
| ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1.      Plaintiffs Matina Koester ("Tina") and her minor child, N. K., bring this action against Defendant Young Men's Christian Association of Greater St. Louis under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") because Defendant, a place of public accommodation, failed to provide N.K with a reasonable accommodation for his disability to enable him to participate in summer camp at the Kirkwood Family YMCA.

### PARTIES

2.      Plaintiff, Tina, is an adult citizen of the United States living in St. Louis County, Missouri.  Plaintiff N.K. is Tina's eight year old son who resides with her.  He has been diagnosed with Autism and Down Syndrome and is thus an individual with a disability within the meaning of the ADA.

3.      Defendant is a Missouri nonprofit corporation (Charter No. N01352592) with its principal place of business in St. Louis City, Missouri.  Upon information and belief, Defendant owns and operates or otherwise controls numerous branch locations, including the Kirkwood Family YMCA, in the Greater St. Louis Area.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the subject-matter in this case based on 28 U.S.C § 1331 in that the claim arises under the laws of the United States.

5.      This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant transacts business within and has availed itself of this forum; engages in a persistent course of conduct in this forum; expects, or should reasonably expect, its acts to have legal consequences in this forum; and maintains substantial, systemic and continuous contacts in this forum.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events that give rise to the claims occurred in this District.

## BACKGROUND

7.      Disability discrimination is illegal.  Title III of the ADA directs that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C.A. § 12182.

8.      As noted, N.K. is an individual with a disability within the meaning of the ADA.

9.      Defendant is a place of public accommodation within the meaning of the ADA. According to its website, Defendant "offers healthy, fun and educational programs for infants,

toddlers, youth, teens, adults and older adults."   Both "[m]embers and non-members are welcome to register for these programs."

10.     During the spring of 2014, the Kirkwood Family YMCA advertised on Defendant's website for its Summer Day Camp, which included many activities that N.K. enjoys such as swimming and soccer.  Tina thought that N.K. (and his younger brother who is not disabled) would enjoy Defendant's Summer Day Camp.  Moreover, Tina, who works full time as the owner and operator of her own small business, needed childcare and a fun summer place for her children.

11.     Because of N.K.'s disability, Tina believed that he would require a reasonable accommodation to participate in the Summer Day Camp, and thought a telephone call would be a good way to begin the interactive process of determining the appropriate accommodation.  Therefore, on or about May 2014, Tina telephoned the Kirkwood Family YMCA about enrolling N.K. in the Summer Day Camp.

12.     However, Defendant was not receptive to Tina's call.  When Tina asked about potential accommodation for N.K., she was told that per its "policy," Defendant would not provide any accommodation at all without first obtaining a copy of N.K.'s Individualized Education Plan ("IEP").  Tina was then directed to Dawn Goetz, Defendant's Director of Inclusive Services, to discuss the policy further.  Goetz confirmed to Tina that Defendant would not provide any accommodation or engage in any discussion about N.K. unless it first received a copy of the IEP.  As of the filing of this action, Defendant has not agreed to proceed with accommodating N.K. unless it receives a copy of his IEP.

13.     Tina objected to producing N.K.'s IEP as a condition of obtaining a reasonable accommodation for N.K. under the ADA.  N.K.'s IEP is a highly personal and confidential

document.  First, the IEP has no relevance to determining N.K.'s ability to participate in the kinds of activities offered by the Summer Day Camp.  Rather, it is a comprehensive educational plan for him that spells out in detail his history of academic achievement and educational goals.  This information would have no relevance to determining, for instance, what type of accommodation N.K. would need to participate in a swimming program.  Second, not only does the IEP contain much irrelevant information about N.K., some of the information is also highly confidential or embarrassing and not something to be shared more widely than necessary.

14.     Although Tina objected to giving Defendant N.K.'s IEP, she offered to engage in an interactive process to determine what accommodations for N.K. would be reasonable.  Defendant refused and instead insisted upon obtaining the IEP or all of the information in the IEP in lieu of the formal document itself as a precondition of any further dialogue.  As a result, N.K. was unable to participate in Defendant's Summer Day Camp and, as long as Defendant maintains this one-size-fits-all policy, N.K. will be unable to participate in any activities now or in the future that Defendant offers.  If Defendant changed this improper policy to comply with the ADA, N.K. would likely attend Summer Day Camp at the YMCA and participate in other activities in the future.

15.     Upon information and belief, Defendant insists upon obtaining N.K.'s IEP in order to obtain funding for providing N.K. (and similarly situated children) with a reasonable accommodation and not primarily as a means of fashioning such an accommodation.

16.     Parents of children without disabilities are not subject to similar scrutiny in connection with camp activities and do not have to provide overly intrusive information.  For instance, children who are not disabled, but who have a record at school of bullying other

- 4 -

children, are not required to turn over their school records as a condition of participating in the Summer Day Camp.

17.    Defendant's conduct discriminated against N.K. on the basis of his disability, thus constituting disability discrimination under Title III of the ADA.

### DISCRIMINATION BASED ON DISABILITY (TITLE III OF ADA)

18.    Plaintiffs incorporate and restates the above paragraphs as if fully set forth herein.

19.    Plaintiff N.K. is a "qualified individual with a disability" under 42 U.S.C. § 12102(1).

20.    Defendant is a private entity that owns, leases, or operates a place of public accommodation under 42 U.S.C. § 12181(7).

21.    Defendant discriminated against N.K. on the basis of disability in the full and equal enjoyment of its services, facilities, privileges, advantages, and accommodations, in violation of 42 U.S.C § 12182.

22.    N.K., and those similarly situated, will want to attend camps and participate in other events at Defendant's place of public accommodation in the future and thus will continue to suffer real and immediate threats of future injury if injunctive relief is not granted.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Matina Koester and her minor child, N.K., ask that this Court enter judgment in their favor and against Defendant, YMCA of Greater St. Louis, for injunctive relief preventing Defendant from having a policy of requiring IEPs and other unnecessary information before providing accommodations to disabled persons in violation of the ADA, and awarding Plaintiffs their costs and reasonable attorneys' fees in prosecuting this action, and such other relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MacDONALD P.C.

By:    /s/ Edwin C. Ernst, IV

        Teresa Dale Pupillo, #49909MO
        Edwin C. Ernst, IV, #57521MO
        120 South Central Avenue, Suite 1800
        St. Louis, Missouri 63105
        314-854-8600 (telephone)
        314-854-8660 (facsimile)
        tdp@carmodymacdonald.com
        ece@carmodymacdonald.com

        *Attorneys for Plaintiffs*