UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATINA KOESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1772 RLW |
| | ) | |
| YOUNG MEN'S CHRISTIAN | ) | |
| ASSOCIATION OF GREATER | ) | |
| ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Quash Non-Party Subpoena and for a Protective Order (ECF No. 40), Non-Party Dr. Daniel S. Plax, M.D.'s Motion to Quash Subpoena and/or for Protective Order (ECF No. 47), and Plaintiffs' Motion to Compel (ECF No. 52). The motions are fully briefed and ready for disposition.

**Legal Standards**

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)); *see also* Fed. R. Civ. P. 45(d) (authorizing the court to ensure the party

responsible for issuing a subpoena takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

## Discussion

In this case brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), Plaintiffs, N.K. and his mother, Tina Koester, move to quash a subpoena issued by Defendant to Plaintiff N.K.'s pediatrician, Dr. Daniel S. Plax. Dr. Plax has also filed a motion to quash subpoena and for a protective order. Plaintiffs argue that Dr. Plax's records and testimony regarding N.K.'s disability are irrelevant to the issue of Defendant's enrollment policies and justification for such policies with regard to camps and activities at the YMCA. In addition, Dr. Plax asserts that the subpoena seeks testimony and records concerning information protected by HIPAA regulations, constitutes privileged doctor/patient information under Missouri law, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome. Defendant, on the other hand, argues that the basis of Plaintiffs' complaint is their claim that Defendant's policy of requiring an IEP from parents requesting accommodation for their children in certain YMCA programs violates the Americans with Disabilities Act. Thus, information regarding N.K.'s disability is necessary to enable Plaintiffs' request for accommodation. Further, Defendant contends that Plaintiffs produced a letter from Dr. Plax which contained almost no factual information, compelling Defendant to seek further information from Dr. Plax.

Upon review of the motions to quash and responses thereto, the Court will deny the motions. First, with regard to the motion to quash filed by Dr. Plax, Defendant correctly notes that the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPPA") provides for disclosure in federal cases where a qualified protective order

2

has been entered. HIPPA allows disclosure of protected health information pursuant to a subpoena in a judicial proceeding, where a protective order is in place that "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested." 45 C.F.R. § 164.512(e)(v)(A). In this case, the parties stipulated to, and the Court entered, a Confidential Information Protective Order. The order specifies that confidential, sensitive information, including medical history, may be designated as "Confidential Attorneys' Eyes Only." (Protective Order ¶ 2, ECF No. 18) Further, Attorneys' Eyes Only information "shall be used and disclosed solely for legitimate purposes of this litigation." (*Id.* at ¶ 3) Thus, based upon the Protective Order in place, the Court finds that HIPPA does not preclude Dr. Plax from complying with the subpoena.

Next, Dr. Plax argues that physician-patient privilege under Missouri law bars him from complying with the subpoena. However, Plaintiffs' claims arise from federal law under the ADA. As such, federal law applies, and this Court is not required to recognize state law privileges. *Evantigroup, LLC v. Mangia Mobile, LLC*, No. 4:11-CV-1328 CEJ, 2013 WL 141605, at *1 (E.D. Mo. Jan. 11, 2013) ("[I]n a fundamentally federal proceeding, the court may not recognize a state-created privilege.").

However, both Dr. Plax and Plaintiffs argue that the medical information Defendant seeks is not relevant to Plaintiffs' ADA claim. Plaintiffs allege that Defendant YMCA discriminated against Plaintiff N.K., a qualified individual with a disability, by failing to provide reasonable accommodations for N.K. to participate in a summer day camp. (Compl. ¶¶ 1, 8-22, ECF No. 1) Plaintiffs further contend that the IEP information requested by Defendant was unnecessary to determine reasonable accommodation. (*Id.* at ¶¶ 13-14) Defendant, however,

asserts that, because Plaintiffs' complaint alleges that Defendant failed to reasonably accommodate Plaintiff N.K.'s disability, information regarding his disability is relevant to providing reasonable accommodation.

The Court finds that Dr. Plax's testimony and records are relevant to the issue of reasonable accommodation for Plaintiff N.K. Indeed, another court in this district has found that a plaintiff's medical history is relevant in an action based on the ADA. *Calder v. TCI Cablevision of Missouri, Inc.*, No. 4:99-CV-01005(CEJ), 2001 WL 991459, at *1 (E.D. Mo. July 21, 2001). The letter provided to Defendant by Dr. Plax, dated before the lawsuit was filed, merely indicates that N.K. has a disability that requires more structure and one-on-one supervision in a camp setting. (Dr. Plax Letter, ECF No. 54-1) The letter provides no further information but invites the recipient to call with any questions or concerns. (*Id.*) Further, N.K.'s mother testified in her deposition that she disagreed with Dr. Plax's recommendation of one-on-one supervision. (Koester Depo. 117:16-118:15; 122:20-123:5, ECF. No. 54-3) Given the vagueness of Dr. Plax's letter, Plaintiffs' disagreement with Dr. Plax's recommended accommodation, and Plaintiffs' claim that Defendant discriminated against N.K. by failing to provide reasonable accommodation for his disability, the Court finds that information from Dr. Plax is relevant to this case. The information is especially relevant in light of Plaintiffs' refusal to produce an IEP. Defendant is entitled to some conclusive evidence regarding the proper accommodation for N.K. *See, e.g., Roberts By & Through Rodenberg-Roberts v. KinderCare Learning Centers, Inc.,* 86 F.3d 844, 846 (8th Cir. 1996) (finding no error in district court's reliance on plaintiff's IEP, his protocol, and his mother's statements as conclusive evidence of the need for one-on-one care).

Dr. Plax and Plaintiffs also argue that the subpoena is burdensome and harassing. Dr. Plax maintains that a deposition would be burdensome but requests fees should the Court order him to submit to a deposition. In response, Defendant contends that it will pay Dr. Plax a reasonable fee for his time, thus alleviating the burden. With regard to Plaintiffs' motion to quash, Plaintiffs contend that N.K.'s mother can provide sufficient information for accommodating N.K. However, as stated above, courts require more evidence than simply a mother's statement to determine what accommodation would be reasonable within the meaning of the ADA. *Roberts By & Through Rodenberg-Roberts,* 86 F.3d at 846. Accordingly, the motions to quash and for a protective order precluding Defendant from seeking information from Dr. Plax will be denied.[1]

Also pending and fully briefed is Plaintiffs' Motion to Compel Defendant to produce documents pertaining to requests for accommodation made by Plaintiff Tina Koester to Defendant's corporate representative Dawn Goetz. Defendant asserts that five of the requested email chains are protected by attorney-client privilege or the work product doctrine. Plaintiffs contend the emails were prepared in the ordinary course of business and not by counsel nor at counsel's direction.

The work product doctrine protects documents prepared in anticipation of litigation unless the documents are otherwise discoverable under Rule 26(b)(1) and a party shows substantial need for the materials and cannot obtain equivalent information by other means without undue hardship. Fed. R. Civ. P. 26(b)(3)(A). Whether certain documents were prepared in anticipation of litigation is a factual determination made by the Court:

---

[1] While Dr. Plax requests a protective order specifying the scope of information he must provide, the pleadings before the Court are insufficient to allow the Court to provide such clarification. However, the Court is confident that the parties will be able to amicably agree on the proper scope of inquiry.

> "[T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation."

*Simon v. G.D. Searle & Co.,* 816 F.2d 397, 401 (8th Cir. 1987) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198–99 (1970)).

Here, the Court finds that Plaintiffs are entitled to the emails. Corporate representative Ms. Goetz testified that she prepared the emails knowing that there was a prospect of litigation, but the testimony does not demonstrate that she prepared them for the *purpose* of litigation (emphasis supplied). Ms. Goetz stated that she generally documents conversations with parents for her files, a practice she performed after her conversation with Ms. Koester. (Goetz Declaration ¶ 3, ECF No. 55-2) Further, the emails documenting the conversation were forwarded to other employees of Defendant, not counsel. (*Id.*) In addition, the fact that the emails eventually reached Defendant's counsel does not convert them to documents protected by attorney-client privilege. Documents intended to be confidential communications made for the purpose of providing legal services to a client are protected by attorney-client privilege. *United States v. Yielding*, 657 F.3d 688, 707 (8th Cir. 2011). However, in this case, Ms. Goetz forwarded the emails to other staff members, and Defendant has failed to establish that the eventual receipt of the email by counsel conveyed the protection of the attorney-client privilege. As such, the Court will grant Plaintiffs' motion to compel with respect to the first 5 email exchanges on May 16, 2015, listed on Defendant's privilege log (ECF No. 53-3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Quash Non-Party Subpoena and for a Protective Order (ECF No. 40) is **DENIED.**

**IT IS FURTHER ORDERED** that Non-Party Dr. Daniel S. Plax, M.D.'s Motion to Quash Subpoena and/or Motion for Protective Order (ECF No. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (ECF No. 52) is **GRANTED** consistent with this Memorandum and Order.

Dated this 28th day of May, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**