UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATINA KOESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1772 RLW |
| | ) |
| YOUNG MEN'S CHRISTIAN | ) |
| ASSOCIATION OF GREATER | ) |
| ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Compel Production of Plaintiff N.K.'s IEP (ECF No. 58). Also pending is Plaintiffs' Motion to Quash Non-Party Subpoena and for a Protective Order (ECF No. 61). The motions are fully briefed and ready for disposition.

## Legal Standards

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)); *see also* Fed. R. Civ. P. 45(d) (authorizing the court to ensure the party

responsible for issuing a subpoena takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

## Discussion

In this case brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), Plaintiffs, N.K. and his mother, Tina Koester, move to quash a subpoena issued by Defendant to Nancy Zitzmann, Principal at Bristol Elementary School. The subpoena commands Ms. Zitzmann to produce N.K.'s Individual Education Programs (IEPs) from May 2014 to present. (Mot. to Quash Ex. 1, ECF No. 62-1) In addition to issuing the subpoena, Defendant has filed a Motion to Compel the Production of N.K.'s IEP.

The Court notes that on May 28, 2015, after the parties filed the pending discovery motions, the Court denied motions to quash the subpoena of N.K.'s pediatrician, Dr. Plax. (Memorandum and Order of 5/28/15, ECF No. 64) The Court reasoned that Dr. Plax's testimony and records were relevant to the issue of reasonable accommodation. (*Id.* at p. 4) The Court further found that "[t]he information is especially relevant in light of Plaintiff's refusal to produce an IEP." (*Id.*) Now, in addition to Dr. Plax's testimony regarding N.K.'s disability, Defendant seeks production of the IEP through a subpoena served on the principal of N.K.'s school and through a motion to compel.

The Court will deny Defendant's motion to compel and grant Plaintiff's motion to quash without prejudice. At this point, it is unknown whether the information from Dr. Plax will satisfy Defendant with regard to N.K.'s disability and reasonable accommodation. Defendant may renew its motion to compel the IEP, after meeting and conferring in good faith with Plaintiffs and demonstrating that the information from Dr. Plax is somehow insufficient.

Accordingly,

2

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Production of Plaintiff N.K.'s IEP (ECF No. 58) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Quash Non-Party Subpoena and for a Protective Order (ECF No. 61) is **GRANTED**.

Dated this 12th day of June, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**