UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATINA KOESTER, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:14CV1772 RLW ) |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER ST. LOUIS, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 20). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will deny Defendant's motion.

## Background

On October 20, 2014, Plaintiffs Matina Koester and her minor child, N.K., filed a Complaint for Injunctive Relief against Defendant Young Men's Christian Association of Greater St. Louis ("YMCA"), alleging discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). (Compl., ECF No. 1) Plaintiffs allege that Defendant failed to provide N.K., who has been diagnosed with Autism and Down Syndrome, with a reasonable accommodation for his disability to enable him to participate in summer camp at the Kirkwood Family YMCA. (*Id.* at ¶¶ 1-2) Ms. Koester sought to enroll N.K. in the summer program, and called the YMCA to discuss reasonable accommodations for his disability. (*Id.* at ¶¶ 11-12) The Director of Inclusive Services informed Ms. Koester that Defendant required a copy of N.K.'s Individualized Education Plan ("IEP") to determine appropriate

accommodations. (*Id.* at ¶¶ 12-13) Ms. Koester objected to providing N.K.'s IEP because she believed the document was highly personal and confidential. (*Id.* at ¶ 13) N.K. was unable to participate in Defendant's Summer Day Camp, and Plaintiffs allege that, so long as Defendant's accommodation policy requires an IEP, or all the information contained in the IEP, N.K. will be unable to participate in any present or future YMCA activities. (*Id.* at ¶ 14)

Plaintiffs contend that Defendant's conduct of requiring an IEP for disabled individuals to participate in its programs constitutes discrimination based on disability in violation of the ADA. (*Id.* at ¶¶ 15-21) Plaintiffs assert that N.K. will continue to suffer real and immediate threats of future injury if injunctive relief is not granted. (*Id.* at ¶ 22) Plaintiffs ask the Court to enter judgment against Defendant preventing Defendant from having a policy requiring IEPs and other unnecessary information before providing accommodations to disabled persons. (*Id.* at Request for Relief)

Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff lacks standing to bring a suit challenging the YMCA's IEP policy. Plaintiffs, on the other hand, assert that Defendant has consistently required Ms. Koester to provide either N.K.'s IEP or the information contained therein as a precondition to accommodating him for summer camp, thus barring N.K. from participating present and future camps.

## **Legal Standards**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may challenge a complaint on its face or on the factual truthfulness of the claims. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). (citation omitted). "A facial attack challenges subject matter jurisdiction based on the allegations in the complaint and in deciding the motion, the Court presumes all of the factual allegations in the complaint are true." *Gaylor v. GS Brentwood LLC,* NO. 4:11-CV-

506 CAS, 2011 WL 5079588, at *1 (E.D. Mo. Oct. 25, 2011) (citation omitted). On the other hand, in a factual attack, the court may "hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Id.* Plaintiff bears the burden of establishing jurisdiction, including standing, where a movant raises a factual attack. *Kral v. Temperato*, No. 4:13-CV-1886-SPM, 2014 WL 6083444, at *1 (E.D. Mo. Nov. 13, 2014) (citations omitted).

"[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). Standing requires (1) that the plaintiff suffer an "injury in fact"; (2) that a causal connection exists between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations and internal quotations omitted).

### Discussion

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes "a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i). "The ADA grants a private right of action for injunctive relief to, inter alia, 'any person who is being subjected to discrimination on the basis of disability.'" *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting 42 U.S.C. § 12188(a)(1)).

Defendant argues that Plaintiffs are unable to demonstrate an "injury-in-fact," which is a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan*, 504 U.S. at 560-61). This requires the plaintiff to show that

3

he sustained, or is in immediate danger of sustaining, a real and immediate direct injury. *Id.* (citation omitted). Defendant contends that Plaintiffs' allegation of injury is merely conjectural because Defendant has not applied its IEP policy to Plaintiffs and instead offered alternative solutions for N.K. to participate in summer camp.

Here, Plaintiffs allege that Defendant required the production of N.K.'s IEP or the information contained in the IEP for N.K. to participate in any YMCA programs. (Pls.' Mem. in Opposition Ex. 4, ECF No. 30-4) Plaintiffs' Complaint states that Defendant's policy of demanding the IEP "or all of the information in the IEP in lieu of the formal document" violated the ADA and prevented N.K. from attending present and future YMCA programs. (Compl. ¶¶ 14, 21, ECF No. 1) The Court finds that Plaintiffs have sufficiently established a harm that "concrete and particularized" and not merely conjectural. *Steger,* 228 F.3d at 892 (citation omitted).

Defendant also argues that Plaintiffs are unable to show a likelihood of a future injury. "In the case of a complaint for injunctive relief, the 'injury-in-fact' element of standing requires a showing that the plaintiff faces 'a threat of ongoing or future harm.'" *Kral,* 2014 WL 6083444, at *4 (quoting *Park v. Forest Serv. of the U.S.,* 205 F.3d 1034, 1037 (8th Cir. 2000)). Here, however, Plaintiffs have presented evidence that Ms. Koester had previously enrolled, and would again enroll, N.K. in YMCA programs if Defendant changed its policy that Plaintiffs must submit N.K.'s IEP or other similarly intrusive information as a prerequisite to his participation in YMCA activities. (Pls.' Mem. in Opposition Ex. 1, ECF No. 30-1) Further, the YMCA will continue to deny N.K. admission to recreational services absent production of the IEP or the information contained therein. (Pls.' Mem. in Opp. Ex. 4, ECF No. 30-4) The Court finds that Plaintiffs have demonstrated injury-in-fact and have shown a causal connection between

4

Defendant's policy and N.K.'s denial of the opportunity to participate in present and future programs at the YMCA sufficient demonstrate the requisite standing. *See Kral*, 2014 WL 6083444, at *5 (finding evidence that plaintiff would return to the Dairy Queen was "sufficient to show a real and immediate threat that Plaintiff would suffer harm in the future if the ADA violations at issue were not remedied").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 20) is **DENIED**.

Dated this 13th day of July, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**