UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATINA KOESTER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>YOUNG MEN'S CHRISTIAN )<br>ASSOCIATION OF GREATER )<br>ST. LOUIS, )<br>)<br>Defendant. ) | No. 4:14CV1772 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Attorneys' Fees and Costs (ECF No. 167) and Defendant's Bill of Costs (ECF No. 170). The motion is fully briefed and ready for disposition.

### I. Background

On October 20, 2014, Plaintiffs Matina Koester and her minor child, N.K., filed a Complaint for Injunctive Relief against Defendant Young Men's Christian Association of Greater St. Louis ("YMCA"), alleging discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). (Compl., ECF No. 1) The facts of this case have been thoroughly presented in the Court's Memorandum and Order of February 5, 2016, granting summary judgment in favor of the Defendant. The Court incorporates those facts by reference as if fully set forth herein.

Subsequent to the Court's Judgment and dismissal of Plaintiff's Complaint, Defendant filed a Motion for Attorneys' Fees and Costs under 42 U.S.C. § 12205, Federal Rule of Civil Procedure 54(d), and rules 8.02 and 8.03 of the Local Rules of the United States District Court

for the Eastern District of Missouri. Defendant has filed a separate Bill of Costs in the amount of $11,725.95 (ECF No. 170) and Defendant asserts that an award of attorneys' fees and costs is justified in this case because Plaintiffs' lawsuit was frivolous, unreasonable, and groundless. Plaintiffs, on the other hand, contend that the ADA challenge was not frivolous but had a reasonable basis in law and fact.

## II. Legal Standard

The ADA allows a "prevailing party" to recover its fees under 42 U.S.C. § 12205. The statute provides: "[i]n any action . . . commenced pursuant to this chapter, the court . . . , in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. While fees are routinely awarded to prevailing plaintiffs in ADA cases, "'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.'" *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418-19 (1978)).

Attorney's fees are awarded to a prevailing defendant under the ADA only in narrow circumstances where "the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so." *Steelman v. Delano*, No. 4:12-CV-00134 (CEJ), 2012 WL 5616156, at *3 (E.D. Mo. Nov. 15, 2012) (citation omitted); *see also Williams v. City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008). The United States Supreme Court has found this exception appropriate "'to protect defendants from burdensome litigation having no legal or factual basis.'" *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206 (11th Cir. 2005) (quoting *Christianburg*, 434 U.S. at 420); *see also Steelman v. Rib Crib No. 18*, 2012 WL 4026686, at *5 (W.D. Mo. Sept. 12,

2012) (awarding attorney's fees to Defendants where plaintiff filed 67 ADA law suits in 18 months where the "groundless complaints forced Defendants to incur unnecessary attorney fees").

However, "[e]ven '[a]llegtions that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or without foundation . . . .'" *Williams*, 523 F.3d at 843 (quoting *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (internal quotations omitted)). "So long as the plaintiff has 'some basis' for the discrimination claim, a prevailing defendant may not recover attorneys' fees." *EEOC v. Kenneth Balk & Assocs., Inc.*, 813 F.2d 197, 198 (8th Cir. 1987) (quoting *Obin v. Dist. No. 9 of Int'l Ass'n of Machinists*, 651 F.2d 574, 587 (8th Cir. 1981)). Courts are mindful of the admonition by the Supreme Court "to avoid '*post hoc* reasoning by concluding that, because plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Williams*, 523 F.3d at 843 (quoting *Christianburg*, 434 U.S. at 421-22).

## III. Discussion

### A. Defendant's Bill of Costs

The Court notes at the outset that Plaintiffs' response in opposition pertains solely to Defendant's Motion for Attorneys' Fees and Costs and does not address the Bill of Costs submitted by the Defendant. In that Bill, Defendant requests that costs in the amount of $11,725.95 be taxed against Plaintiffs. Rule 54(d) of the Federal Rules of Civil Procedure provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court allows the taxation of costs for, *inter alia*, fees for service of summons and subpoena, fees

for printed or electronically recorded transcripts necessarily obtained for use in the case, and fees for witnesses. (Form AO-133)

Defendant has attached itemized documentation for the requested costs, and the Court is satisfied that these amounts are reasonable and are in accordance with the costs permitted by federal law. Therefore, the Court will award Defendant $11,725.95 in costs. *See Hamidi v. City of Kirksville*, No. 2:14CV00087 ERW, 2016 WL 6563470, at *1-2 (E.D. Mo. Nov. 4, 2016) (finding prevailing defendant was entitled to costs under Rule 54(d) and in accordance with 28 U.S.C. § 1920 in discrimination case); *Dulaney v. Miami-Dade Cty.*, No. 09-23259-CIV, 2011 WL 6754074, at *4-5 (S.D. Fla. Dec. 22, 2011) (awarding costs as enumerated in § 1920 to prevailing defendant in ADA case).

### B. Attorneys' Fees and Costs Under 42 U.S.C. § 12205

In addition to the Bill of Costs, Defendant has also filed a Motion for Attorneys' Fees and Costs under 42 U.S.C. § 12205. Defendant argues that Plaintiffs' lawsuit was unreasonable and groundless and that Defendant incurred more than $250,000 in attorneys' fees and costs to defend a frivolous lawsuit. Plaintiffs respond that they had a legal and factual basis to file suit against Defendant.

The Court has thoroughly considered Defendant's motion and the related memoranda and exhibits, as well as the law pertaining to the award of attorneys' fees and costs under 28 U.S.C. § 12205. The Court finds that some *reasonable* attorneys' fees are warranted in this case. While the Court finds that perhaps Ms. Koester's initial motivation for the suit was to enroll her child into the YMCA summer program, the Court notes that at some point in the litigation, Ms. Koester's persistent refusal to submit *any* objective evidence of N.K.'s disability and accommodation needs demonstrates that she continued to litigate a claim with no intention of

accommodating her child. Instead, Ms. Koester's intention was to completely eradicate the disability accommodation policies of the YMCA used to appropriately accommodate hundreds of children with special needs every summer. Indeed, Ms. Koester refused an offer from the YMCA to modify its IEP policy and consider other sources of information. Likewise, Ms. Koester misrepresented the extent of N.K.'s disability and accommodation needs. (*See, e.g.*, Def.'s Mot. for Attorneys' Fees Ex. 1, Koester Dep. 38:2-7, 70:22-71:6, 124:15-16, ECF No. 168-2)

Further, while Plaintiffs designated Dr. Plax as an expert, Plaintiffs subsequently filed a motion to quash his deposition on the ground that records and testimony from Dr. Plax were not relevant or reasonably calculated to lead to the discovery of admissible evidence. (ECF No. 40) The Court disagreed and denied Plaintiffs' motion to quash. (ECF No. 64) Plaintiffs filed additional motions to quash depositions of N.K.'s school principal and N.K.'s speech and occupational therapists, which Defendant sought to depose in order to acquire information to properly accommodate N.K.'s participation in summer camp. (ECF Nos. 61, 79) Likewise, Defendant filed a renewed motion to compel production of N.K.'s IEP after all attempts to obtain information necessary to accommodate N.K. were met with objection by Plaintiffs and after Dr. Plax's deposition testimony failed to address N.K.'s cognitive and behavioral skills and functioning. (ECF No. 107) The Court then granted Defendant's motion to compel production of N.K.'s IEP. (Tr. 144)

As stated above, the Court may assess attorney's fees against a plaintiff where the Court finds the "'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Williams*, 523 F.3d at 843 (quoting *Hughes*, 449 U.S. at 15 (internal quotation omitted)). In the Memorandum and Order of May 28, 2015, the Court found:

> Given the vagueness of Dr. Plax's letter, Plaintiffs' disagreement with Dr. Plax's recommended accommodation, and Plaintiffs' claim that Defendant discriminated against N.K. by failing to provide reasonable accommodation for his disability, the Court finds that information from Dr. Plax is relevant to this case. The information is especially relevant in light of Plaintiffs' refusal to produce an IEP. Defendant is entitled to some conclusive evidence regarding the proper accommodation for N.K.

(ECF No. 64 p. 4) The Court further noted that "courts require more evidence than simply a mother's statement to determine what accommodation would be reasonable within the meaning of the ADA." (ECF No. 64 p. 5) At this point in the litigation, Plaintiffs were aware that solely Ms. Koester's opinion as to her child's needs was insufficient to properly accommodate N.K. Plaintiffs were also aware that information contained in the IEP was necessary to properly accommodate disabled children seeking to attend camps and other events at the YMCA. However, Plaintiffs persisted in litigating the case after it became clear that the lawsuit was groundless, eventually filing a motion for summary judgment. Defendant incurred attorneys' fees and costs during the eight months that followed by responding to motions to quash, filing motions to compel, filing a motion for summary judgment, and responding to Plaintiffs' motion for summary judgment.

The Court therefore finds that continuing to litigate their ADA case after the Court held that Defendant was entitled to conclusive evidence, more than the mother's statement, regarding N.K.'s disability to properly accommodate N.K. subjected Defendant to burdensome litigation and unnecessary costs. This is precisely the type of groundless litigation covered by § 12205. *Christianburg*, 434 U.S. at 420; *Steelman*, 2012 WL 4026686, at *5. The Court will grant Defendant's motion and order Defendant to submit itemizations of attorneys' fees and costs for the dates after May 28, 2016.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs (ECF No. 170) is **GRANTED** in the amount of Eleven Thousand Seven Hundred Twenty-Five Dollars and Ninety-Five Cents ($11,725.95).

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorneys' Fees and Costs (ECF No. 167) is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant shall submit itemizations of attorneys' fees and costs no later than July 21, 2017; Plaintiffs shall file a response no later than July 31, 2017; and Defendant shall file a reply no later than August 7, 2017.

Dated this 7th day of July, 2017.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**