UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATINA KOESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV1772 RLW |
| | ) |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for In Camera Review of Parties' Mediation Communications and for Reconsideration of Interlocutory Order. (ECF No. 192) Plaintiffs contend that the Court's order granting Defendant's motion for attorneys' fees is erroneous and should be reconsidered. Specifically, Plaintiffs disagree with the Court's determination that Plaintiffs' refusal to submit any objective evidence of N.K.'s disability and accommodation needs demonstrated that Plaintiffs continued to litigate their claim with no intention of accommodating N.K. (ECF No. 185 pp. 4-5) Plaintiffs' assert that the specific communications between the parties during mediation contradict the Court's determination. Plaintiff requests that the Court review the mediation communications *in camera* and reconsider the Order granting attorneys' fees to the Defendant. Defendant, on the other hand, responds that the mediation communications are confidential and cannot form the basis of Plaintiffs' motion to reconsider.

Upon review of the motion and the related memoranda, the Court will deny Plaintiffs' motion. Under Local Rule 6.04 of the Local Rules of the United States District Court for the

Eastern District of Missouri, "[a]lternative dispute resolution proceedings are private and confidential . . . . All written and oral communications made or disclosed to the neutral are confidential and may not be disclosed by the neutral, any party, or other participant, unless the parties otherwise agree in writing." E.D. Mo. L.R. 6.04(A). The Court finds that Plaintiffs have not set forth sufficient reasons to disclose the confidential mediation communications between the parties during ADR. *Greater St. Louis Constr. Laborers Welfare Fund v. X-L Contracting, Inc.*, No. 4:14-CV-946-SPM, 2016 WL 3432529, at *9 (E.D. Mo. June 22, 2016).

Further, the Court denies Plaintiffs' motion to reconsider the Order of July 7, 2017, granting Defendant's motion for attorneys' fees. (ECF No. 185) Plaintiffs vigorously opposed Defendant's motion for an award of attorneys' fees, and the Court thoroughly considered all materials submitted in support and in opposition of that motion. "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for In Camera Review of Parties' Mediation Communications and for Reconsideration of Interlocutory Order (ECF No. 192) is **DENIED.** The Court will issue a final award of attorneys' fees at a later date.

Dated this 12th day of February, 2018.

							  _____
							  **RONNIE L. WHITE**
							  **UNITED STATES DISTRICT JUDGE**