UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MATINA KOESTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1772 RLW |
| | ) | |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER ST. LOUIS, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Response to Court Order Granting Motion for Attorneys' Fees. (ECF No. 189) On, July 7, 2017, the Court granted Defendant's Motion for Attorneys' Fees and Costs, granting **reasonable** fees to Defendant as the prevailing party. (ECF No. 185) The Court also ordered Defendant to submit itemizations of attorneys' fees and costs for the dates after May 28, 2015.[1] (*Id.*) In response, Defendant filed 66 pages of itemized attorneys' fees for a total of 8 attorneys who worked on the case, 119 pages of attorneys' fees invoices, and 28 pages of invoices pertaining to costs. (ECF Nos. 189-1, 189-2, 189-3) In all, Defendant requests an award of $199,689.50 for attorneys' fees and $11,725.95 in costs.[2]

Upon review of Defendant's response, it appears counsel for Defendant has confused **reasonable** with **all** attorneys' fees for the applicable time period. Defendant has thus place the Court in the position to be arbiter of what fees are reasonable within the spirit of 42 U.S.C. § 12205. As stated in the Court's previous Order granting attorneys' fees, under the ADA, a court,

---

[1] The Court found that May 28, 2015 was the date when it became clear that the lawsuit was groundless. (ECF No. 185 p. 6)
[2] The Order of July 7, 2017 entered an award of $11,725.95 in costs. (ECF No. 185 p. 7) Thus, the Court will only address the motion for attorneys' fees.

in its discretion, "'may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .'" (ECF No. 185 p. 2, quoting 42 U.S.C. § 12205). The Court also noted that a prevailing defendant is not automatically entitled to an award of fees, and that fees are awarded in narrow circumstances. (*Id.* at pp. 2-3)

The purpose of an award of attorneys' fees to the prevailing defendant is to "'protect defendants from burdensome litigation having no legal or factual basis' as this policy 'would discourage groundless lawsuits.'" *Steelman v. Rib Crib No. 18*, No. 11-3433-CV-S-RED, 2012 WL 4026686, at *5 (W.D. Mo. Sept. 12, 2012) (quoting *Young v. New Process Steel, LP*, 419 F.3d 1201, 1205-06 (11th Cir. 2005) (internal quotation omitted)). However, the Eighth Circuit has also acknowledged that an award of attorney's fees might have a chilling effect upon the filing of meritorious claims. *Flowers v. Jefferson Hosp. Ass'n*, 49 F.3d 391, 392 (8th Cir. 1995); *see also Whitson v. LM Servs., Inc.*, No. 4:01CV1744 SNL, 2003 WL 685873, at *2 (E.D. Mo. Feb. 20, 2003) (stating that courts must always be "mindful of the serious chilling effect that an award of attorney's fees might have on the filing of meritorious claims").

Defendant's request for nearly $200,000 in attorneys' fees would undoubtedly have such chilling effect on future meritorious law suits. Thus, the Court finds the request to be unreasonable per se and will reduce the award to an amount the Court deems reasonable in light of the contentious history in this case.[3] Upon thorough consideration of the Defendant's response and attached itemizations, the Plaintiff's response in opposition, and Defendant's reply, the Court will reduce the amount of attorneys' fees to $25,000. In light of the fact that

---

[3] For instance, the itemized list of Defendant's attorneys' fees indicates many hours devoted to and billed for a Sunshine Request to the City of Clayton, an entity unrelated to this litigation, to show that Plaintiff "harassed other camps with similar tactics." (Def.'s Mem. in Supp. of Mot. for Fees pp. 2 n.1, 13-14 and related exhibits, ECF No. 168; Def.'s Response Ex. 1 pp. 55-58, ECF No. 189-1) Also included in the list of fees are several hours of time spent researching possible sanctions against Plaintiff. (ECF No. 189-1 pp. 59-60)

Defendant required an excess of attorneys to work on a case it deemed frivolous, the Court finds that this amount strikes the balance between discouraging frivolous law suits and creating a chilling effect for future ADA plaintiffs in accordance with 42 U.S.C. § 12205.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Judgment be entered in favor of favor of Defendant Young Men's Christian Association of Greater St. Louis, and against Plaintiff Matina Koester, et al., for attorneys' fees in the amount of Twenty-Five Thousand Dollars ($25,000.00).

Dated this 4th day of May, 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**